124 F.3d 211
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Miguel Santos FLORES, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 96-70351.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 8, 1997.**
Filed Sept. 15, 1997.
 
 On Petition for Review of an Order of the Board of Immigration Appeals, INS No. Adz-gjh-knk.
 Before HALL, BRUNETTI, and THOMAS, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Miguel Santos Flores, a native and citizen of El Salvador, petitions pro se for review of the decision of the Board of Immigration Appeals ("BIA") affirming the immigration judges's ("IJ") denial of his application for asylum and withholding of deportation under 8 U.S.C. §§ 1158(a) and 1253(h). We have jurisdiction pursuant to 8 U.S.C. § 1105a(a), and deny the petition.
 
 
 3
 We review for substantial evidence the BIA's factual findings underlying its decision that an applicant is ineligible for asylum, see Ramos-Vasquez v. INS, 57 F.3d 857, 861 (9th Cir.1995), and we will reverse that decision only if the applicant presents "compelling evidence of persecution," see Kazlauskas v. INS, 46 F.3d 902, 905 (9th Cir.1995).
 
 
 4
 Flores contends that the BIA's finding that he did not establish a well-founded fear of persecution on account of his imputed political opinion is not supported by substantial evidence. This contention lacks merit.
 
 
 5
 To establish eligibility for asylum, Flores must show that he has a well-founded fear of persecution in El Salvador on account of race, religion, nationality, membership in a particular social group, or political opinion. See 8 U.S.C. §§ 1101(a)(42)(A), 1158(a); Acewicz v. INS, 984 F.2d 1056, 1061 (9th Cir.1993). He must demonstrate both a genuine subjective fear of persecution and an objectively reasonable fear. See Acewicz, 984 F.2d at 1061. The objective inquiry requires "a showing by credible, direct, and specific evidence of facts supporting a reasonable fear of persecution on the relevant ground." See Lopez-Galarza v. INS, 99 F.3d 954, 958-59 (9th Cir.1995) (citation and internal quotations omitted).
 
 
 6
 Although the BIA mentioned the inadequacies in Flores's testimony before the IJ, the BIA did not make an express credibility finding. Under such circumstances, we will presume that the BIA found Flores credible. See Maldonado-Cruz v. INS, 883 F.2d 788, 792 (9th Cir.1989).
 
 
 7
 Flores testified that he left El Salvador because he "had problems with the army." Specifically, Flores testified that four soldiers came to his home in December, 1990, and asked him to provide the whereabouts of guerrilla members. When Flores did not have the information they requested, the soldiers tied him up and hit him in the chest with a rifle butt. Flores testified that he fled El Salvador the next day. Flores alluded to other minor incidents with the military where soldiers came to his house "angry," but Flores did not know why they were angry and did not elaborate further. Flores was not politically active and did not support either the military or the guerrillas.
 
 
 8
 Here, substantial evidence supports the BIA's determination that Flores failed to establish his eligibility for asylum. Although Flores's testimony may have established that he genuinely fears persecution if returned to El Salvador, see Cuadras v. INS, 910 F.2d 567, 571 (9th Cir.1990), he adduced no evidence to support an objectively reasonable well-founded fear of persecution, see Rodriguez-Rivera v. INS, 848 F.2d 998, 1002 (9th Cir.1988) (per curiam).
 
 
 9
 Although Flores believes that the army imputed an anti-government political opinion to him, he did not show that the army actually imputed a political opinion to him. See Sangha v. INS, 103 F.3d 1482, 1489 (9th Cir.1997). In fact, Flores admitted that he did not know why the guerrillas were interested in him. Moreover, while an applicant's testimony alone will suffice to establish persecution if that testimony is credible, persuasive, and specific, see Aguilera-Cota v. INS, 914 F.2d 1375, 1379 (9th Cir.1990), we agree with the BIA that Flores's testimony was too vague and general to support an objectively reasonable fear of persecution, see Lopez-Galarza, 99 F.3d at 958-59.
 
 
 10
 In light of the record, we conclude that no reasonable factfinder would be compelled to conclude that Flores possessed a well-founded fear of persecution. See Kazlauskas, 46 F.3d at 905. Finally, because the standard for withholding of deportation is higher than the standard for asylum, we affirm the denial of withholding of deportation. See Acewicz, 984 F.2d at 1062.[1]
 
 
 11
 PETITION FOR REVIEW DENIED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 We lack jurisdiction to consider the IJ's denial of Flores's request for voluntary departure because Flores failed to raise the issue before the BIA. See Rashtabadi v. INS, 23 F.3d 1562, 1567 (9th Cir.1994)